# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARELLANO,<br><br>                          Plaintiff,<br><br>v.<br><br>VIRTUOSO SOURCING GROUP, LLC,<br><br>                         Defendant. | Case No.: 17-cv-00681-H-WVG<br><br>**ORDER DENYING DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>[Doc. No. 4.] |

On July 31, 2017, Defendant Virtuoso Sourcing Group, LLC filed a motion to dismiss plaintiff's complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 4.) On August 22, 2017, Plaintiff Jose Arellano filed a response in opposition to Defendant's motion. (Doc. No. 6.) On August 28, 2017, the Court took the matter under submission. (Doc. No. 7.) On August 29, 2017, Defendant filed a reply. (Doc. No. 8.) For the reasons below, the Court denies Defendant's motion to dismiss.

## Background

The following facts are taken from the allegations in the complaint. Plaintiff purportedly owed a consumer debt to Sprint, and Defendant Virtuoso began collection activities on that debt. (Doc. No. 1, Compl. ¶¶ 7, 9.) Virtuoso reported the debt on

1

Plaintiff's credit report. (Id. ¶ 11.) Plaintiff disputed the debt directly with Virtuoso in a dispute letter dated May 27, 2016. (Id. ¶ 12.) Plaintiff alleges that in July 2016, Virtuoso re-reported the debt on Plaintiff's credit report without listing the account as "disputed by consumer" in violation of the FDCPA. (Id. ¶ 13.)

On April 5, 2017, Plaintiff Arellano filed a complaint against Defendant Virtuoso, alleging causes of action for: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); and (2) violations of California's Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (the "Rosenthal Act"). (Doc. No. 1, Compl. ¶¶ 15-21.) By the present motion, Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction. (Doc. No. 4-1.) Specifically, Defendant argues that the complaint should be dismissed for lack of Article III standing. (Id. at 1-2.)

## Discussion

### I. Legal Standards

The United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Lujan v. Defs. of Wildlife, 504 U.S. 555, 559 (1992). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016); see also Lujan, 504 U.S. at 560 ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.").

To possess Article III standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Spokeo, 136 S. Ct. at 1547. The injury in fact requirement is the "first and foremost" of the three elements. Id. To establish injury in fact, the plaintiff must demonstrate that the defendant infringed on the plaintiff's legally protected interest in a "concrete and particularized" manner that is "actual or imminent, not 'conjectural' or 'hypothetical.'" Lujan, 504 U.S. at 560. "A 'concrete' injury must be 'de facto'; that is, it must actually exist." Spokeo, 136 S. Ct. at 1548.

2

"Article III standing requires a concrete injury even in the context of a statutory violation." Id. at 1549. Thus, a Plaintiff cannot "satisfy the injury-in-fact requirement of Article III" by alleging "a bare procedural violation, divorced from any concrete harm." Id. "This does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness." Id. "[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." Id.

Because standing pertains to a federal court's subject-matter jurisdiction under Article III, it is "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." Id. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A "district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the elements for Article III standing. Spokeo, 136 S. Ct. at 1547. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element. Id.

**II. Analysis**

Defendant argues that the Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction because Plaintiff has failed to allege in the complaint that he has suffered any actual concrete injury or harm sufficient to confer Article III standing. (Doc. No. 4-1 at 1-2.) In response, Plaintiff argues that allegations that a debt collector failed to mark a debt as disputed on a credit report as required by 15 U.S.C. § 1692e(8) are sufficient
3

to establish Article III standing. (Doc. No. 6 at 5-13.)

In the complaint, Plaintiff alleges that Defendant Virtuoso reported the alleged debt on his credit report without listing the account as "disputed by consumer" as required by the FDCPA, specifically 15 U.S.C. § 1692e(8). (Doc. No. 1, Compl. ¶¶ 13, 16.) Plaintiff further alleges that "[a]s a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged." (Id. ¶ 14.)

Defendant argues that these allegations are insufficient to establish Article III standing because a mere statutory violation by itself is insufficient to confer standing. (Doc. No. 4-1 at 4.) But, in Spokeo, the Supreme Court specifically explained that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." 136 S. Ct. at 1549.

The Ninth Circuit in a recent decision has elaborated on this point: "In Spokeo II, the Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.' Even then, 'Article III standing requires a concrete injury.'" Robins v. Spokeo, Inc., No. 11-56843, 2017 WL 3480695, at *3 (9th Cir. Aug. 15, 2017) (quoting Spokeo, 136 S. Ct. at 1549). Nevertheless, "while [a plaintiff] may not show an injury-in-fact merely by pointing to a statutory cause of action, the Supreme Court also recognized that some statutory violations, alone, do establish concrete harm." Id. at *4. "As the Second Circuit has summarized, Spokeo II 'instruct[s] that an alleged procedural violation [of a statute] can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents 'a risk of real harm' to that concrete interest.'" Id. (quoting Strubel v. Comenity Bank, 842 F.3d 181, 190 (2d Cir. 2016)). Thus, in evaluating a plaintiff's claim of harm, a court should "ask: (1) whether the statutory provisions at issue were established to protect his concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm,

or present a material risk of harm to, such interests."[1]  Id.  Accordingly, the Court will apply this two-part framework to Plaintiff's claim of harm based on Defendant's alleged violation of 15 U.S.C. § 1692e(8).

A. Whether the statutory provision was established to protect Plaintiff's concrete interests

"The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors . . . .'" Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). "Stated differently, Congress granted consumers a substantive right in being free from 'abusive debt collection practices.'" Brown v. R & B Corp. of Va., No. 2:17CV107, 2017 WL 3224728, at *5 (E.D. Va. July 28, 2017) (quoting 15 U.S.C. § 1692(e)); see Irvine v. I. C. Sys., 198 F. Supp. 3d 1232, 1236 (D. Colo. 2016) ("Through the FDCPA, Congress created statutory legal rights to be free from certain abusive debt collection practices."). To accomplish this, "[t]he FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." Gonzales, 660 F.3d at 1060–61. This includes prohibiting debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and specifically prohibiting debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §§ 1692e, 1692e(8). Accordingly, the FDCPA granted consumers, such as Plaintiff, a concrete interest in being

---

[1] In support of its assertion that merely alleging a statutory violation is insufficient to confer Article III standing, Defendant cites to Higgens v. Trident Asset Mgmt., LLC, No. 16-24035-CIV, 2017 WL 1230537, at *1 (S.D. Fla. Mar. 28, 2017); Coleman v. Charlottesville Bureau of Credits, Inc., No. 3:17CV147-HEH, 2017 WL 1381666, at *1 (E.D. Va. Apr. 17, 2017); and Perry v. Columbia Recovery Grp., LLC, No. C16-0191JLR, 2016 WL 6094821, at *1 (W.D. Wash. Oct. 19, 2016). (Doc. No. 4-1 at 6-8.) The Court does not find Defendant's reliance on these district court decisions persuasive as they are not binding on this Court, and they were all issued prior to the Ninth Circuit's decision in Robins, which is binding on this Court. See Day v. Apoliona, 496 F.3d 1027, 1031 (9th Cir. 2007) (explaining that district courts are bound by circuit precedent).

free from abusive debt collection practices, and the statutory provision at issue, § 1692e(8), was specifically established to protect that concrete interest. See Brown, 2017 WL 3224728, at *5 ("[T]he FDCPA's procedural requirement that debt collectors accurately report disputed debt as disputed was intended to protect Plaintiff's substantive right in being free from abusive debt collection practices."); Sayles v. Advanced Recovery Sys., Inc., 206 F. Supp. 3d 1210, 1213 (S.D. Miss. 2016), aff'd, 865 F.3d 246 (5th Cir. 2017) ("Congress intended [§ 1692e(8)] to address the dissemination of false information and abusive practices employed by debt collectors. Plaintiff's alleged injury is more than a bare procedural violation, it is the very type of injury Congress sought to eradicate and thus created a right of action to protect consumers."); see also Verdun v. Fid. Creditor Serv., No. 14-CV-0036-DHB, 2017 WL 1047109, at *5 (S.D. Cal. Mar. 20, 2017) ("The violation of [§ 1692e and § 1692e(10)] infringes upon substantive—not procedural—rights and creates a real risk of harm to consumers.").

B. Whether the specific procedural violation actually harms, or presents a material risk of harm to, such interests

Further, a failure to report a disputed debt as disputed in violation of § 1692e(8) present a material risk of harm to that concrete interest. "Unlike a harmless error in reporting an incorrect zip code or a failure to provide a required notice despite otherwise accurate reporting, a disputed debt that a debt collector fails to report as 'disputed' may significantly affect a consumer's credit report." Brown, 2017 WL 3224728, at *6; see Sayles v. Advanced Recovery Sys., Inc., 865 F.3d 246, 250 (5th Cir. 2017) ("[Defendant]'s § 807(8) violation exposed [plaintiff] to a real risk of financial harm caused by an inaccurate credit rating."); Paz v. Portfolio Recovery Assocs., LLC, No. 15 C 5073, 2016 WL 6833932, at *2 (N.D. Ill. Nov. 21, 2016) ("The reason for these broad protections [set forth in § 1692e(8)] is because an incomplete credit disclosure creates the risk of an inaccurate credit rating. . . . Unlike an incorrect zip code, the 'bare procedural violation' in Spokeo, an inaccurate credit rating creates a substantial risk of harm."); see also Robins, 2017 WL 3480695, at *4 ("[T]he Supreme Court seems to have assumed that, at least in

general, the dissemination of false information in consumer reports can itself constitute a concrete harm. . . . The threat to a consumer's livelihood is caused by the very existence of inaccurate information in his credit report and the likelihood that such information will be important to one of the many entities who make use of such reports."). Accordingly, "a violation of the FDCPA's procedural requirement that debt collectors accurately report a disputed debt as disputed presents a 'risk of real harm' to Plaintiff's [concrete interest] in being free from abusive debt collection practices." Brown, 2017 WL 3224728, at *6.

C. Conclusion

In sum, by alleging that Defendant failed to accurately report Plaintiff's debt as disputed in violation of § 1692e(8), Plaintiff has alleged a concrete injury sufficient to confer Article III standing. See Sayles, 865 F.3d at 250 (holding that the defendant's violation of § 1692e(8) constitutes a concrete injury sufficient to confer Article III standing); Brown, 2017 WL 3224728, at *6; Bowse v. Portfolio Recovery Assocs., LLC, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016) ("Because [plaintiff] has alleged a violation of § 1692e(8) of the FDCPA, which protects against the risk of harm created by a deficient disclosure of credit information to a third party, [plaintiff] has Article III standing to bring this suit."); Evans v. Portfolio Recovery Assocs., LLC, No. 15 C 4498, 2016 WL 6833930, at *3 (N.D. Ill. Nov. 20, 2016) (holding that a violation of § 1692e(8) "is sufficient to confer Article III standing").[2] Accordingly, the Court declines to dismiss the complaint for lack of Article III standing.

///

///

---

[2] Defendant argues that the decisions in Brown, Bowse, and Evans are inconsistent with the Supreme Court's decision in Spokeo. (Doc. No. 8 at 7-8.) The Court disagrees. These decisions are well reasoned, persuasive, and are consistent with the Supreme Court's decision in Spokeo and the Ninth Circuit's decision in Robins. See Spokeo, 136 S. Ct. at 1549 ("[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact."); Robins, 2017 WL 3480695, at *4 (In Spokeo, "the Supreme Court also recognized that some statutory violations, alone, do establish concrete harm.").

## **Conclusion**

For the reasons above, the Court denies Defendant's motion to dismiss.

**IT IS SO ORDERED.**

DATED: September 11, 2017

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT